**FINANCIAL FEDERAL CREDIT INC., Plaintiff–Appellant,**

v.

**RAMAR CRANE SERVICES, LLC, Ramar Steel Sales, Inc., Ramar Steel Erectors, Inc., Defendants–Appellees.\***

No. 14–1972.

United States Court of Appeals, Second Circuit.

March 19, 2015.

---

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Jonathan D. Deily, (with Stacey M. Metro & Mark D. Glastetter, on the brief), Deily & Glastetter, LLP, Albany, NY, for appellant.

Kevin S. Cooman, McConville, Considine, Cooman & Morin, P.C., Rochester, NY, for appellees.

PRESENT: DENNIS JACOBS, RAYMOND J. LOHIER, JR., Circuit Judges, GARY L. SHARPE, District Judge.**

## SUMMARY ORDER

Plaintiff Financial Federal Credit Inc. ("FFCI") appeals from the judgment of the United States District Court for the Western District of New York (Larimer, *J.*), granting summary judgment in favor of defendants Ramar Crane Services, LLC, Ramar Steel Sales, Inc., and Ramar Steel Erectors, Inc. (collectively, "Ramar"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of summary judgment *de novo*, construing all evidence in the manner most favorable to the nonmoving party. *See Janes v. Triborough Bridge & Tunnel Auth.*, 774 F.3d 1052, 1054 (2d Cir.2014).

1. The Liebherr crane: as the district court concluded, Ramar qualifies as a buyer in the ordinary course under section 1–201(9) of the New York Uniform Commercial Code.[1] Ramar purchased the Lie-

---

** Chief Judge Gary L. Sharpe, of the United States District Court for the Northern District of New York, sitting by designation.

1. This is a diversity case. The parties disagree about whether Maryland or New York law should apply, but all agree with the district court's conclusion that the relevant provisions of the Uniform Commercial Code are identical in both states. Because we agree that there is no relevant conflict between Ma-

bherr crane, in cash, from a used crane dealer. The conditional "buy back" option (which was never exercised) and the contemplated "trade-in" of another crane (which never happened) are not enough to take this transaction out of the "ordinary course of business" under New York U.C.C. § 1–201(9). The district court correctly concluded that Ramar purchased the Liebherr crane free of any security interest from FFCI. *See* N.Y. U.C.C. § 9–320(a).

2. The Tadano crane: we agree with the district court that FFCI never obtained a perfected security interest in the Tadano, because Ramar neither completed the sale, nor delivered the crane. *See* N.Y. U.C.C. §§ 2–106(1), 2–401.

For the foregoing reasons, and finding no merit in FFCI's other arguments, we hereby **AFFIRM** the judgment of the district court.

ryland and New York, we apply the law of the forum state: New York. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 672 F.3d 155, 157 (2d Cir.2012).